James T. Towe
Towe & Fitzpatrick, PLLC
619 SW Higgins, Ste. O
P.O. Box 1745
Missoula, MT 59806
Telephone: (406) 829-1669
Facsimile: (406) 493-0538
jamie@towefitzlaw.com

D. Matthew Dreesen
Dreesen Law Group, LLC
16105 Swingley Ridge Rd., Ste 4097
Chesterfield, MO 63006
Telephone: (636) 449-4400
Facsimile: (636) 220-7161
mdreesen@dreesenlaw.com
   *Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| RICHARD KERLEY, <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL RAILROAD PASSENGER CORPORATION A/K/A AMTRAK, a Federally chartered corporation, and BURLINGTON NORTHERN SANTA FE, LLC ("BNSF"), a Delaware Corporation, <br><br> Defendants. | Case No.: CV-22-20-GF-BMM <br><br><br> AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL |

1

Plaintiff, Richard Kerley, by and through his attorney and for his Complaint against Defendants Amtrak and BNSF hereby alleges:

1. At all relevant times, Defendants were licensed to do business in Montana as common carriers by railroad in interstate commerce. Defendant Amtrak is a national passenger rail service corporation with headquarters in Washington, D.C. Defendant BNSF is incorporated in Delaware, with its headquarters in Fort Worth, Texas. Plaintiff, Richard Kerley ("Plaintiff" or "Richard"), is a resident of the State of Illinois, residing in Midlothian, Illinois.

2. Jurisdiction with respect to Amtrak is based on 45 U.S.C. § 56. Jurisdiction with respect to BNSF is based on 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.

3. Venue is proper within the District of Montana pursuant to 28 U.S.C. § 1391(b) as this claim arose in this judicial district, and within the Great Falls Division.

4. At all times relevant to the claims herein Defendant BNSF owned, maintained, and controlled the track on which Plaintiff's train, called the Empire Builder, was traveling when it derailed near Joplin, Montana on September 25, 2021.

5. Plaintiff is a 57 year old father of one. At all relevant times he was an employee of Amtrak. He was injured in the derailment.

6. On May 26, 1998, Plaintiff was hired by Amtrak as a Lead Service Attendant. Before his first trip with Amtrak, Plaintiff received minimal instruction and training on

how to respond to a derailment or to protect himself from serious injury or death. He was employed by Amtrak on the date of the derailment.

7. Although Amtrak trains have derailed in the past, often with loss of life, Amtrak never provided Plaintiff with any training in or on how to respond to a derailment, how to evacuate passengers, or how to protect herself and rescue passengers in a derailment.

8. On September 25, 2021, Plaintiff was working on Amtrak's Empire Builder which travels from Chicago to Seattle. The train consisted of two locomotives and ten passenger cars. On September 24, 2021, the Empire Builder departed from Chicago, Illinois heading toward Seattle. There were believed to be over 140 passengers and sixteen crew members.

9. At all times pertinent in this Complaint, Empire Builder was traveling on tracks owned, operated, maintained, and controlled by Defendant BNSF Railway Company, including tracks across Montana. On September 25, 2021, the Amtrak train derailed near Joplin, MT. Three people were killed. Dozens of people were injured, including Plaintiff.

10. When the Empire Builder derailed, the last four cars were violently thrown from the tracks and became airborne. The cars rolled and eventually landed on their sides.

11. At the time of the derailment, Richard was in the café lounge car, which was the fourth to last car of the train serving a passenger, when he felt a violent bump. He

was lifted up and slammed around the car before falling down and losing consciousness. Plaintiff awoke to total darkness and the air was thick with dust and debris. Plaintiff banged on the side of the train for approximately half an hour before being discovered. The door to the lounge car was barricaded with rocks and debris. Rescuers had to dig a tunnel for Plaintiff to crawl out of.

      12.  Richard sustained severe and life-altering injuries when the lounge car derailed and flipped onto its side. He was taken by ambulance to Liberty Medical Center in Chester, Montana.

      13.  As a result of the derailment, Plaintiff suffered severe physical injuries to his head, brain, lower and upper back, neck, and left shoulder. Richard has also suffered Post-Traumatic Stress Disorder, depression and anxiety. He will continue to endure emotional and psychological injuries resulting from this traumatic event. He continues to treat for his injuries and has been told that he may require surgery.

      14.  This derailment and the death and destruction it caused was preventable. The September 25, 2021 derailment of Empire Builder is another in a long list of devastating and fatal train derailments caused by the negligence and carelessness of Defendants Amtrak and BNSF. Each have demonstrated a continuing disregard for the safety of their employees and passengers.

      15.  The investigations led by the National Transportation Safety Board ("NTSB") have confirmed that the entities involved in this tragedy are Amtrak and BNSF. Their conduct is being examined along with extensive examination of the tracks

and train cars involved in the accident. The NTSB has also interviewed Amtrak and BNSF personnel, including Richard.

16. The NTSB has confirmed that a BNSF freight train traveled through this section of the railway tracks shortly before the derailment, and that BNSF personnel had last inspected the tracks in the area of the derailment as recently as two days before the accident.

17. Defendant BNSF's ownership and operation of the railroad lines originated in Chicago's Union Station and included tracks on which Empire Builder began its trip and where the derailment occurred.

18. Defendants Amtrak and BNSF derived a financial benefit through their ownership and operation of the railroad tracks and railroad cars which carried the Empire Builder and Plaintiff.

19. Amtrak's Empire Builder runs along rail lines owned, operated, and controlled by BNSF, including through Montana.

20. Amtrak and BNSF entered into a joint venture or other arrangement whereby Amtrak's Empire Builder train was permitted to operate and run along BNSF's rail lines.

21. Amtrak and BNSF formed this joint venture with the common purpose of profiting from cross-country rail traffic.

22. Amtrak and BNSF share in the profits and losses of this joint venture.

23. Amtrak and BNSF jointly manage and control this joint venture, namely the travel of the Empire Builder train along BNSF's transnational rail line.

FIRST CLAIM FOR RELIEF

Federal Employers' Liability Act (FELA) - 45 U.S.C. §51, et seq.

24. Plaintiff incorporates all that is alleged above. He further alleges as follows.

25. Under the FELA, Amtrak owed Plaintiff non-delegable duties, including to provide him and other employees with a safe place to work. Plaintiff's injuries were caused, in whole or in part, from the acts and omissions of Amtrak in failing to provide Plaintiff with safe tools, safe equipment and a safe place to work, in one or more of the following particulars:

    a.    Amtrak operated the Empire Builder at a dangerous speed under the conditions;

    b.    Amtrak failed to discover that the track was unsafe prior to the derailment;

    c.    Amtrak failed to make the engines and cars safe for passengers and crew members;

    d.    Amtrak failed to train its crew to safely respond in a derailment; and

    e.    Amtrak failed to act reasonably under the circumstances in violation of non-delegable duties imposed by the FELA.

SECOND CLAIM FOR RELIEF - Negligence - BNSF

26. Plaintiff incorporates all that is alleged above. He further alleges as follows.

27. Plaintiff's injuries were due in whole or in part to the acts and omissions of BNSF, which were negligent in one or more of the following particulars:

    a.    BNSF failed to discover a defect in its track which caused or contributed to the derailment on September 25, 2021;

    b.    BNSF failed to warn Amtrak of the defects in its track which caused or contributed to the derailment on September 25, 2021;

    c.    BNSF failed to repair defects in the track which caused or contributed to the derailment on September 25, 2021;

    d.    BNSF failed to institute a slow order for the track on which the Amtrak train derailed; and

    e.    BNSF failed to act reasonably under the circumstances.

28. As a result of the negligence of the Defendants and each of them, Plaintiff suffered injuries to his head, brain, upper and lower back, neck and left shoulder. Plaintiff sustained physical and emotional harm, including anxiety and PTSD. Both Defendants negligence caused or contributed to Plaintiff's injuries. As a result of his injuries, Plaintiff has incurred economic losses, among them lost income, lost pension benefits and medical bills and will suffer economic losses in the future. Plaintiff has suffered from pain, mental anguish and distress caused by his injuries and will continue to suffer from pain and distress in the future.

### THIRD CLAIM FOR RELIEF-Punitive Damages-BNSF

29. Plaintiff incorporates by all that is alleged above. He further alleges as follows.

7

30. Defendants have not responded to Plaintiffs' discovery which sought details about notice, knowledge and the cause of the train derailment contending that the NTSB's ongoing investigation precludes discovery until the investigation is complete. The NTSB has not completed its investigation. Plaintiff, therefore, is unable to obtain information that may be relevant to whether punitive damages are recoverable in this case. He, therefore, amends his complaint to encompass punitive damage claims before the Court's deadline. If the evidence uncovered during discovery does not support such claims, Plaintiff will drop such claims.

31. Based upon currently available information, Plaintiff alleges that Defendant BNSF had actual knowledge of track issues and problems in the area of the derailment and that it lacked sufficient manpower and/or equipment to carefully inspect and timely repair the track conditions under the circumstances.

32. Defendant BNSF knew that serious injuries and deaths could be caused if it failed to timely and properly remedy track problems and hazards which, if not corrected, may result in train derailments. BNSF knew about prior train derailments on its tracks. BNSF knew that Amtrak trains, carrying passengers, traversed the tracks in the area where the derailment occurred. BNSF could have but failed to institute other short term fixes such as using slow orders or informing Amtrak to operate trains at slower speeds until the tracks could be safely repaired. It was not until after the derailment that BNSF properly addressed and repaired railroad track and/or track bed problems. Any evidence of prior problems and issues and remedial measures taken after the derailment should be

discoverable and admissible to prove punitive damages. *Runkle v. Burlington Northern*, 188 Mont. 286, 296, 613 P.2d 982, 988 (1980).

    33.  Defendant BNSF may, therefore, have disregarded the high probability of serious injury or death to Plaintiff and other Amtrak employees and train passengers by failing to address and/or concealing known railroad track and track structure hazards. Mont. Code Ann. § 27-1-221. BNSF knew about problems with its tracks shortly before the derailment and, according to news reports, failed to properly repair them. News reports describe witnesses who said that there was a 30 foot dip along the tracks where the ballast gave way. Another report indicates a BNSF employee stated that there was a problem with the ballast and that BNSF attempted to remediate it before the derailment. Available photographs support these publicly available news reports.

    34.  News reports on television and in newspapers also detail horrific reports of injuries and deaths, people who were trapped in train cars, and how people looked like they just came from Ground Zero and were in shock. All of this occurred at a time when BNSF knew that Amtrak trains used its dangerous tracks on a daily basis while transporting hundreds of people.

    35.  In addition, and in the alternative, Plaintiff alleges Defendant acted with actual fraud in addition to actual malice as defined by Mont. Code Ann. § 27-1-221. Such allegations include any of BNSF's destruction or concealment of facts or evidence. The concealment of destruction of evidence, if proven to have occurred after the train

derailment, is a sufficient basis for punitive damages under Montana law. *See Lauman v. Lee*, 192 Mont. 84, 626 P.2d 830 (1981).

36. Plaintiff requests that the jury assess punitive damages in order to deter future misconduct in amounts justified by the evidence uncovered in discovery before trial.

WHEREFORE, Plaintiff prays the Court to enter Judgment against the Defendants for his damages and costs and disbursements incurred herein, including but not limited to interest as allowed by law.

JURY DEMAND: Plaintiff hereby demands a jury trial.

DATED this 8th day of December, 2022.

By: /s/ James T. Towe
James T. Towe
TOWE & FITZPATRICK, PLLC
*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of December, 2022, a copy of this document was served on the following person(s):

1. U.S. District Court

2. Michelle T. Friend
   Benjamin O. Rechtfertig
   HEDGER FRIEND, PLLC
   2800 Central Avenue, Suite C
   Billings, MT 59102

3. Mark S. Landman
   LANDMAN CORSI BALLAINE & FORD P.C.
   120 Broadway, 13th Floor
   New York, NY 10271

4. Andrew B. Charkow
   LANDMAN CORSI BALLAINE & FORD P.C.
   One Gateway Center, 22nd Floor
   Newark, NJ 07102

5. D. Matthew Dreesen
   Dreesen Law Group, LLC
   16105 Swingley Ridge Rd., Ste 4097
   Chesterfield, MO 63006

by the following means:

   __1-5__ CM/ECF              _____ Fax
   _____ Hand Delivery        _____ E-Mail
   _____ U.S. Mail            _____ Overnight Delivery Service

By: /s/ Hayley Austin
    Hayley Austin