IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| RICHARD KERLEY, <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL RAILROAD PASSENGER CORPORATION A/K/A AMTRAK, a Federally chartered corporation, and BURLINGTON NORTHERN SANTA FE, LLC ("BNSF"), a Delaware Corporation, <br><br> Defendants. | CV-22-20-GF-BMM <br><br><br> ORDER |

## BACKGROUND

Plaintiff Richard Kerley ("Kerley") worked for Amtrak as a Lead Service Attendant on the Empire Builder Train 7/27 on September 25, 2021. (Doc 26 at 2-3.) The train derailed. (Doc 26 at 3.) Kerley claims the derailment caused him injuries. (Doc 26 at 4.)

The parties entered into a stipulation ("the Stipulation") on April 7, 2022. (Doc. 4.) Defendants "admit[ted] liability for the subject incident" pursuant the Stipulation in response to Kerley's first Complaint. (Doc. 4 at 2.) The Stipulation further stated that "Plaintiff will not take discovery on issues related solely to

1

liability but reserve [sic] the right to take discovery on issues relating to damages, which may require discovery and investigation into the derailment sequence and what occurred at the site of the derailment," and "[t]he parties will continue to litigate the issues as to damages." (Id.)

Kerley filed an Amended Complaint on December 8, 2022. (Doc. 26.) The Amended Complaint includes a claim for punitive damages, in addition to claims alleging violation of the Federal Employers' Liability Act and negligence, not included in Kerley's first Complaint. (Doc. 26 at 6-10); *see* (Doc. 1.) Defendants moved to dismiss Kerley's Amended Complaint. (Doc. 48.)

## LEGAL STANDARD

A court must dismiss a complaint if it fails to "state a claim upon which relief can be granted." Fed. R. Civ. P 12(b)(6). A court must consider all allegations of material fact as true and construed in a light most favorable to the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996). The complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face to survive a Rule 12(b)(6) motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009). A claim remains plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at

678. The plausibility standard does not require probability, but "asks for more than sheer possibility that defendant has acted unlawfully." *Id.*

## DISCUSSION

Defendants assert three grounds for dismissal of Kerley's Amended Complaint. Defendants contend, first, that the terms of the Stipulation bar Kerley from bringing a punitive damages claim, (Doc. 49 at 7), second, that Kerley fails to make out a "plausible" punitive damages claim, (Doc. 49 at 10), and third, that equitable estoppel prohibits Kerley's punitive damages claim, (Doc. 49 at 12).

### I.     The Stipulation does not bar Kerley's punitive damages claim.

Kerley agreed in the Stipulation to not conduct any discovery on issues related "solely to liability." (Doc. 4 at 2.) Defendants argue that Kerley's claim for punitive damages would require evidence he could obtain only by conducting discovery related "solely to liability," specifically, "details about notice, knowledge and cause of the train derailment." (Doc. 49 at 8); *see* (Doc. 4 at 2.) The parties agreed in the Stipulation to "continue to litigate the issues as to damages." (Doc. 4 at 2.)

Defendants assert that "damages" as used in the Stipulation excludes "punitive damages" but instead means "compensatory damages." *See* (Doc. 49 at 7-8.) Punitive damages are damages under Montana law. *See* Mont. Code Ann. §§ 27-1-201 through 27-1-223 ("Chapter 1. Availability of Remedies—Liability,"

"Part 2. Damages," including "27–1–220. Punitive Damages—when Allowed—Limitation" and "27–1–221. Punitive Damages—Liability—Proof—Award"); *see also* Restatement (Second) of Torts § 908 (1979) ("Punitive damages are damages [. . .]"). The Stipulation does not exclude "punitive damages" from "damages." Indeed, the Stipulation does not once mention either the phrase "compensatory damages" or "punitive damages." *See* (Doc. 4.)

Defendants drafted the Stipulation; Defendants bear the burden of the imperfect drafting which created ambiguity as to the meaning of "damages." Mont. Code Ann. § 28-3-206 ("In cases of uncertainty [. . .], the language of a contract should be interpreted most strongly against the party who caused the uncertainty to exist."); *see State v. Langley*, 2016 MT 67, ¶ 19, 383 Mont. 39, 45, 369 P.3d 1005, 1010 (noting that the drafter in most cases causes the uncertainty). The Stipulation must be read to provide that the parties will "continue to litigate the issues as to damages," including punitive damages to the extent claimed by Kerley.

The Court notes that Defendants represent sophisticated repeat players in legal disputes of this type. Defendants, in two separate cases relating to the same derailment at issue in this case, expressly addressed "punitive damages" in stipulations entered. (Doc. 51-1); (Doc. 51-2.) Although Kerley had not brought a claim for punitive damages at the time the parties entered the Stipulation, *see* (Doc. 57 at 5-6), time remained on the clock for Kerley to amend his complaint and add

4

such a claim, *see* (Doc. 24 at 2). Defendants were aware that the claims Kerley alleged might change, by mechanism of an amended complaint, after the Stipulation had been entered. (Doc. 58.) Defendants sought and obtained Kerley's entry into the Stipulation at a stage of litigation at which all parties knew Kerley possessed the opportunity to amend his complaint to allege additional or different facts and claims. The prudent course available at the time to Defendants would have included explicit language designed to foreclose potential causes of action not yet pled but potentially available to Kerley.

Defendant's argument that the Stipulation's restriction of discovery somehow restricts what claims Kerley can bring also misses the mark at the motion to dismiss stage. Questions of what Kerley can or cannot discover, or what Kerley can or cannot prove, remain for another day. Summary judgment may or may not await Kerley's claims, but matters of evidence cannot control disposition of the 12(b)(6) challenge at bar.

## II.   Kerley's punitive damages claim is plausible.

Defendants argue that Plaintiff's punitive damages claim is not "plausible" under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Iqbal,* 556 U.S. 678 (2009). (Doc. 49 at 10.) Plaintiff's pleadings as to punitive damages sound largely speculative—leaning on phrases such as "may [. . .] have" and "if proven to have occurred." (Doc. 26 at 8-9.) Nevertheless, Kerley's Amended Complaint

paragraphs 31-34 alleges that BNSF knew that AMTRAK trains used its "dangerous tracks" and cites to news reports of a 30-foot dip along the tracks as well as of a BNSF employee's statement that ballast problems existed before the derailment. *Id.*

These factual allegations, perhaps meager, in concert with the rest of the facts alleged in the Amended Complaint, prove sufficient to support a claim that "defendant ha[d] knowledge of facts or intentionally disregard[ed] facts that create[d] a high probability of injury to the plaintiff and: (a) deliberately proceed[ed] to act in conscious or intentional disregard of the high probability of injury to the plaintiff; or (b) deliberately proceed[ed] to act with indifference to the high probability of injury to the plaintiff." Mont. Code Ann. § 27-1-221. Kerley's punitive damages claim remains plausible because the Amended Complaint includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for" punitive damages. *Iqbal*, 556 U.S. 678 (2009).

### III. Equitably estoppel does not bar Kerley from bringing a punitive damages claim.

*Rolan v. New W. Health Servs.*, 2022 MT 1, 407 Mont. 34, 504 P.3d 464, *reh'g denied* (Mar. 8, 2022) sets out the requirements to successfully claim equitable estoppel under Montana law.

> [T]he party must show by clear and convincing evidence the following six elements: (1) the existence of conduct, acts, language, or silence amounting to a representation or a concealment of material facts; (2)

> these facts must be known to the party estopped at the time of the party's conduct, or at least the circumstances must be such that knowledge is necessarily imputed to that party; (3) the truth concerning these facts must be unknown to the other party claiming the benefit of the estoppel at the time it was acted upon; (4) the conduct must be done with the intention, or at least the expectation, that it will be acted upon by the other party, or under circumstances both natural and probable that it will be so acted upon; (5) the conduct must be relied upon by the other party and lead that party to act; and (6) the other party must in fact act upon it in such a manner as to change its position for the worse.

*Rolan*, 2022 MT 1, ¶ 21. Defendants seek to "dismiss[ Kerley's] Amended Complaint [. . .] on equitable estoppel grounds." (Doc. 49 at 14.) Defendants cite no authority suggesting that dismissal of a civil complaint constitutes a potential remedy available to a party claiming equitable estoppel based on the actions of a party to a stipulation or agreement seeking to limit the scope of the suit.

Defendants fail to meet the high standard of clear and convincing evidence for each of the six elements. Defendant's theory for why equitable estoppel should issue appears to depend upon mere speculation. Defendants allege that the relevant "conduct, acts, language, or silence amounting to a representation or a concealment of material facts" that exists in this case is that Kerley "represented in the Stipulation that he waived his right to discovery related solely to liability without an intent to do so[.]" (Doc. 49 at 14.) Facts well beyond the mere suspicion of a party opponent must support an allegation as to the mental state of a person who enters a contract to meet the lower standard of proof of "by a preponderance of the evidence." No factual support exists in the record that could enable this Court to

7

find by clear and convincing evidence that Kerley signed the Stipulation to outwardly manifest one thing while simultaneously harboring an opposite inward intent.

Defendants' arguments as to the remaining elements required under *Rolan* also fail to bound the "clear and convincing" hurdle. For example, as to element six, Defendants cannot identify any evidence that Defendants' admission of liability as part of the Stipulation changed Defendants' position for the worse. *See* (Doc. 49 at 14.) Defendants admitted liability in exchange for certain concessions from Kerley according to terms the Defendants themselves proposed and to which the Defendants themselves agreed, presumably to change their position for the better. Defendants muster no clear and convincing evidence that Defendants did not gain by the contract even if Kerley signed the Stipulation while contemplating punitive damages claims.

### ORDER

Accordingly, **IT IS HEREBY ORDERED** that

Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint (Doc. 48) is **DENIED**.

**DATED** this 13th day of December, 2023.

Brian Morris, Chief District Judge
United States District Court